**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Connie Lynette Hardwick,<br><br>Debtor. | Case No. 17-01130-jw<br><br>Chapter 11 |
| In re:<br><br>Double J Farms, LLC,<br><br>Debtor. | Case No. 17-01132-jw<br><br>Chapter 11 |

**NOTICE OF COMPLETION OF PLAN PAYMENTS AND REQUEST FOR DISCHARGE**

Connie Lynette Hardwick and Double J Farms, LLC have filed papers with the court setting forth that they have completed their plan and are seeking a discharge of their debts from this Court.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to issue a Discharge for these Debtors, or you want the court to consider your views on the Discharge of these Debtors, then within twenty-one (21) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at: 1100 Laurel Street, Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to: Sean Markham, Attorney for the Debtor, P.O. Box 20074, Charleston, SC 29413-0074

Attend the hearing scheduled to be heard on **November 10, 2020, at 11:30 a.m**. at the United States Bankruptcy Court, District of South Carolina 145 King Street, Room 225 Charleston, SC 29401.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this Notice and Application, except at the direction of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

October 13, 2020                                                                              **Markham Law Firm, LLC**

/s/ Sean Markham
Sean Markham, I.D. # 10145
P.O. Box 20074
Charleston, SC 29413-0074
Tel: 843-284-3646
sean@markhamlawsc.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Connie Lynette Hardwick,<br><br>Debtor. | Case No. 17-01130-jw<br><br>Chapter 11 |
| In re:<br><br>Double J Farms, LLC,<br><br>Debtor. | Case No. 17-01132-jw<br><br>Chapter 11 |

**CHAPTER 11 REQUEST FOR DISCHARGE**

Connie Lynette Hardwick and Double J Farms, LLC, ("Debtors") hereby notify the creditors of these jointly administered estate that the Plan of Reorganization ("Plan") is complete and all required payments were made and that a request for discharge is now warranted. Contemporaneously with this notice and request, the Debtor has filed her post-petition credit counseling course (also known as a debtor education class).

**SUMMARY OF THE CASE**

1. On March 7, 2017, the Debtors filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. The two cases were substantively consolidated on April 14, 2017.

3. Debtors are operating their business and managing their assets as debtors in possession under §§1107(a) and 1108 of the Bankruptcy Code.

4. On October 4, 2017, Debtors filed their Disclosure Statement and Plan of Reorganization. An amendment to Debtors' Plan and Disclosure Statement was filed on November 21, 2017. Following a hearing on the matter, Debtors' Disclosure Statement was approved by Order of the Court entered on November 27, 2017.

5. An addendum to the Plan and Disclosure Statement were filed on January 3, 2018.

6. On January 31, 2018, the Court entered an order confirming the Debtors' Plan (the "Confirmation Order").

7. The Confirmation Order approved the Plan and the agreements negotiated by the Debtors and their secured creditors.

8. On June 26, 2018 a final decree was entered that administratively closed the above captioned cases.

9. On September 18, 2018 the case was reopened to approve a sale of assets to fund the Debtor's case.

10. The case was then administratively closed again on October 16, 2018 ("Administrative Closure").

11. Since then the Debtor has operated under her confirmed Plan of reorganization.

## SMMARY OF PLAN PAYMENTS

The Debtors are current on all post-confirmation obligations and all pre-confirmation long-term obligations. The Debtor has either paid all claims in full, or the creditors have refused to accept payment of their claims. Those creditors refusing to accept payment despite repeated attempts by the Debtors to pay are listed in **Exhibit A** to this pleading.

The Debtor's Plan provided for these categories of creditor payments and those creditors were treated as set out below:

| Classification | Creditor Name | Plan Treatment | Status Post-Confirmation | Debtor's Obligation |
|---|---|---|---|---|
| Class 1 Claim | ArborOne, ACA | Pay though Sale | Paid in Full Property Sold | $1,390,946.81 |
| Class 2 Claim | First Reliance Bank | Satisfied through Settlement w/ R Cooke | Satisfied by Settlement | $ 399,103.28 |
| Class 3 Claim | Anderson Brothers Bank | Cure and paid by Daughters | Obligation is still outstanding but paid according to terms of Plan as long-term debt | $ 232,358.63 |

| | | | | |
|---|---|---|---|---|
| Class 4 Claim | NBSC | Cure and Maintain | Obligation is still outstanding but paid according to terms of Plan as long-term debt | $ 52,712.00 |
| Class 5 Claim | Conway National Bank | Cure and Maintain | Obligation is still outstanding but paid according to terms of Plan as long-term debt | $ 51,979.00 |
| Class 6 Claim | Conway National Bank | Cure and Maintain | Paid in Full, Property Sold | $ 20,015.00 |
| Class 7 Claim | Conway National Bank | Cure and paid by Daughters | Paid in Full, Property Sold | $ 18,722.00 |
| Class 8 Claim | Conway National Bank | Cure and paid by Daughters | Paid in Full, Property Sold | $ 16,653.00 |
| Class 9 Claim | Conway National Bank | Satisfied through Settlement w/ R Cooke | Paid in Full, Property Sold | $ 13,624.65 |
| Class 10 Claim | Conway National Bank | satisfied through Settlement w/ R Cooke | Satisfied by Settlement | $ 24,237.89 |
| Class 11 Claim | Nancy Pickelsimer | Cure and Maintain | Obligation is still outstanding but paid according to terms of Plan as long term debt | $ 45,583.00 |
| Class 12 Claim | The Citizens Bank | Cure and Maintain | Paid in Full | $ 28,853.00 |
| Class 13 Claim | The Citizens Bank | Cure and Maintain | Paid in Full | $ 34,581.00 |

| | | | | |
|---|---|---|---|---|
| Class 14 Claim | JP Morgan Chase Bank | Cure and Maintain | Paid in Full | $ 42,943.00 |
| Class 15 Claim | Anderson Brothers Bank | Cure and Maintain | Paid in Full | $ 39,289.00 |
| Class 16 Claim | Horry County Treasure | Satisfied through Settlement w/ R Cooke. Balance paid in 1 year | Paid in full and all taxes current | $ 19,812.52 |
| Class 17 Claim | Citzens Bank | Cure and Maintain | Paid in Full | $ 6,708.00 |
| Class 18 Claim | Ally Bank | Cure and Maintain | Paid in Full | $ 5,706.00 |
| Class 19 Claim | Florence County | Pay though Sale | Paid in full and all taxes current | $ 7,388.05 |
| Class 20 Claim | Clarendon County Treasure | Cure and paid by Daughters | Paid in full and all taxes current | $ 7,162.23 |
| Class 21 Claim | Administrative claims | Pay though Sale | Paid in full | $ 70,000.00 |
| Class 22 Claim | Priority Claims | Pay | Paid in full and all taxes current | $ 46.00 |
| Class 23 Claim | Unsecured Claims | Pay though Sale | Paid in full except those refusing payment in Exhibit A | $ 50,000.00 |
| Class 24 Claims | Richard Cooke | Satisfied through Settlement w/ R Cooke | Satisfied by Settlement | $ - |
| Total Claims | | | | $2,578,424.06 |

As stated in the column "Status Post-Confirmation" the Debtor has either paid its debts in full, satisfied the debt by refinancing the debt, were settled during the bankruptcy, paid by the sale of

property, or refused to accept payment.  The creditors who have refused to accept payment have done so despite repeated calls requesting to repay these obligations, calls to bankruptcy departments within these organizations, and in person meetings with the creditor at their places of business.

Any post Administrative Closure professional fees have been paid in full, there are no fees owed to the US Trustee's office, any fees related to the reopening of the case have been paid at the time of this application, and no other administrative claims are outstanding at this time. As such the Debtors have paid their debts in full and are entitled to discharge.

Pursuant to 11 U.S.C. § 1141(d)(5) the Debtor is entitled to a discharge but because she is an individual debtor under 11 U.S.C. § 1141(5) a discharge cannot be granted to Ms. Hardwick until after notice and a hearing once the Debtor has completed all payments under the Plan.  The Debtor asserts that she has made all payments under the Plan and remains current on all long-term obligations and all post-petition obligations.  11 U.S.C. § 1141(d)(3) is not applicable here because the Debtor is not liquidating substantially all of the property of estate, and she would not be denied a discharge under 11 U.S.C. § 727(a).  This should qualify as the required statement set out in Fed. R. Bankr. P.1007(b)(7). Further under that same bankruptcy rule, subpart (8), the Debtor has claimed exemptions pursuant to 11 U.S.C. § 522 but the Debtor has paid her debts in full pursuant to her Plan and her need to claim exemptions had no impact on the payout to her creditors.  The Debtor asserts that there are no pending proceedings whereby she may be found guilty of a felony of any kind nor would she owe a debt of the kind described in 11 U.S.C. § 522(q)(1)(B).

There are no debts which were deemed to be exempt from discharge under 11 U.S.C. § 523. The Debtor has not received a discharge under chapter 7, 11, or 12 of this title during the 4-year period preceding the date for the order for relief under this chapter, or in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

The Debtor has completed the required post-petition credit counseling course on August 9, 2020 and the Debtor has filed the required forms with the court.  Due to the consolidated nature of the cases, Connie Lynette Hardwick has taken the counseling course but the Double J Farms, LLC is not required to take this course because it is not an individual debtor. The competition of this course and the Debtors completion of the Plan payments to her creditors are the events allowing her to request and receive a discharge from this Court.

WHEREFORE, the Debtors request that the Court enter a Final Decree closing this case, granting the Debtor a discharge, and granting such other and further relief as the Court may deem just and proper.

        **Markham Law Firm, LLC**

        /s/ Sean Markham
        Sean Markham, I.D. # 10145
        Attorney for the Debtors
        P.O. Box 20074
        Charleston, SC 29413-0074
        Tel: 843-284-3646
        Fax: 843-637-7499
        sean@markhamlawsc.com

Charleston, South Carolina
October 13, 2020


I, Connie Lynette Hardwick, hereby affirm and certify that the information contained in this Request are correct, true, and accurate. I affirm that I have made all the required payments to my creditors and that any amounts that were unpaid were despite my best efforts to repay those limited creditors attached here to in Exhibit A who refused to accept payments. I represent that I am not subject to any proceedings whereby I could be found guilty of a felony nor any proceedings whereby there may be a finding that a debt I owe would be a violation of any securities law; a debt that is fraudulent, deceitful, or manipulative in connection with the sale of securities; a debt that would be considered a civil remedy under the US Criminal Code set out in Title 18 of the U.S. Code; or a debt that is the result of a criminal act, intentional tort, or willful or reckless misconduct that resulted in serious physical injury or Death of another individual in the preceding 5 years.


/s/ Connie Lynette Hardwick        Date: October 13, 2020
Connie Lynette Hardwick
Individually


/s/ Connie Lynette Hardwick        Date: October 13, 2020
Connie Lynette Hardwick
As the representative for
Double J Farms, LLC

# Exhibit A

## List of creditors not accepting payment of claims

| Claimant | Allowed Unsecured | Post-Confirmation Disposition |
| --- | --- | --- |
| Horry Electric Cooperative, Inc. | $ 544.00 | Refused Payment Said No Balance Owed |
| Tnb-Visa (TV) / Target | $ 779.00 | Refused Payment Said No Balance Owed |
| US Bank/Rms CC | $ 420.58 | Refused Payment Said No Balance Owed |
| Wells Fargo Bank N.A. | $ 505.95 | Refused Payment Said No Balance Owed |